UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS ALBERTO CORADO-SERRANO,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>Respondents. | Case No.:  3:26-cv-1338-CAB-VET<br><br>**ORDER:**<br>**(1) TO RESPOND [Doc. No. 1]; and**<br><br>**(2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT [Doc. No. 2]** |

Petitioner Luis Alberto Corado-Serrano ("Petitioner"), proceeding pro se,[1] filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, [Doc. No. 1 ("Petition")], and a motion for temporary restraining order, [Doc. No. 2 ("TRO")].  Petitioner claims that he has been unlawfully detained by Immigration and Customs Enforcement ("ICE") since March 15, 2025.  [Petition at 2.]  Petitioner was ordered removed to Guatemala on December 10, 2025, but has an appeal of that decision pending with the Board of

---

[1] Petitioner may be interested in contacting Federal Defenders of San Diego to see if a Federal Defender can represent Petitioner in this matter.  The telephone number for Federal Defenders' San Diego Office is 619-234-8467 (Toll Free: 888-614-9867) and the El Centro Office is 760-335-3510 (Toll Free: 877-404-9063).

1

Immigration Appeals. [*Id.*] Petitioner also seeks to enjoin ICE from transferring him out of this jurisdiction. [TRO at 3.]

Having reviewed the petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.").

Accordingly, the Court **ORDERS** as follows:

1. Respondents shall file a response to the Petition by **March 16, 2026**. The response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised.

2. Petitioner may file a reply by **March 25, 2026**.

3. To maintain the status quo, Respondents, their officers, agents, servants, employees, attorneys, and other persons who act in concert or participation with Respondents **SHALL NOT** transfer Petitioner outside of the Southern District of California pending the Court's resolution of the Petition.[2] Accordingly, Petitioner's motion for TRO, [Doc. No. 2], is **DENIED** as moot because the relief it requests is preventing transfer or deportation while the Petition is adjudicated.

4. The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition and this Order.

It is **SO ORDERED**.

Dated: March 9, 2026

Hon. Cathy Ann Bencivengo
United States District Judge

---

[2] *See Doe v. Bondi*, Case No. 3:25-cv-805-BJC-JLB, 2025 WL 1870979, at *1 (S.D. Cal. June 11, 2025) ("Federal courts retain jurisdiction to preserve the status quo while determining whether [they have] subject matter jurisdiction over a case and while a petition is pending resolution from the court.") (collecting cases).